# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ANTONIO A. MINOR,

          Petitioner,

    v.                            Case No. 13-C-0717

ROBERT WERLINGER,

          Respondent.

## ORDER

On June 25, 2013, Antonio A. Minor filed this petition pursuant to 28 U.S.C. § 2241, asserting that his custody at Oxford Federal Correctional Institution is being imposed in violation of the Constitution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. Rule 4 applies to cases brought under § 2241 as well. *Poe v. United States,* 468 F.3d 473, 477, n.6 (7th Cir. 2006). During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable claims and exhausted available state remedies.

Minor was the last of several defendants to be charged as co-conspirators in the Eastern District of Virginia in relation to a string of car thefts that were committed between January and

May 2006. After the district court denied Minor's motion to dismiss based on a three-year pre-indictment delay, Minor pled guilty without a plea agreement on July 7, 2009. He was convicted of one count of conspiracy to receive, possess, conceal, barter, sell, and dispose of motor vehicles that crossed a state boundary, in violation of 18 U.S.C. § 371; and one count of interstate receipt, possession, and sale of stolen motor vehicles in violation of 18 U.S.C. § 2313. On October 9, 2009, Minor was sentenced to 60 months on count one and 84 months on count two. The sentences were concurrent, followed by a three year supervised release term. His conviction and sentence were affirmed on appeal and the United States Supreme Court denied his petition for certiorari.

Minor then brought a § 2255 motion in the Eastern District of Virginia. In his petition, he raised seventeen grounds to support his motion, many of which alleged defects with the entry of his guilty plea. He also argued that his trial and appellate counsel were ineffective for, among other things, failing to adequately seek dismissal for pre-indictment delay, failing to effectively object to the calculation of the offense level and Guidelines range recommended in the presentence report, and for failing to adequately object to the judgment of restitution entered by the court.

His claims were apparently based on his contention that the presentence report established an offense level and Guidelines range that were based on a special agent's declaration that the crime involved 15 stolen vehicles valued at more than $400,000. Minor argued that the calculations were erroneous because only three vehicles, valued at $171,481, were actually included in the indictment. According to Minor, his attorney objected to the valuation of the 15 vehicles, but did not object to the number of vehicles included in the presentence report. The probation office prepared an Addendum to the presentence report after considering the defense objections, and the sentencing court adopted the factual findings in the presentence report, which had found an offense level of 22

2

and criminal history category of VI. Minor claimed his attorney should have objected to the erroneous calculations at sentencing. He also argued that after sentencing, and without argument, the court entered a restitution judgment ordering Minor to pay only $174,486 jointly and severally with his co-conspirators–Minor asserted that the loss amount calculated as a basis for his sentence and for the restitution judgment were therefore inconsistent. He argued that like the restitution judgment, his sentence should have been based on the three stolen vehicles reported in the indictment, unless the court made findings of fact at sentencing that would justify including the alleged conduct related to the other 12 vehicles (which he claimed, it did not).

The district court denied his § 2255 petition on February 13, 2010, explaining in part that "Defendant's arguments are largely premised on an incorrect understanding of how the Guidelines work: at sentencing, both after a guilty plea or after trial, the Court can consider proper factors beyond the crime of conviction or the information in an indictment–such as, for example, the loss amount attributed to a conspiracy or a defendant's criminal history." *Minor v. United States*, 1:09CR210, 2012 WL 488262, at *4 (E.D. Va. Feb. 13, 2012). He filed a notice of appeal of the district court's denial, but the Fourth Circuit denied his request to issue a certificate of appealability. After seeking administrative remedies through the Bureau of Prisons (BOP), he filed a § 2241 petition for a writ of habeas corpus in this Court. He challenges the accuracy and validity of information contained in various documents maintained in his BOP central file, including his presentence report, judgment of conviction, and the sentencing court's statement of reasons. He argues that the sentencing court erred by adopting the factual findings of the presentence report. Minor contends that the sentencing court was required to resolve the disputed matters concerning the calculation of the loss amount on the record before imposing a sentence, and failed to do so in

violation of Federal Rule of Criminal Procedure 32(i)(3)(B) and (C). He also asserts that the sentencing court's restitution judgment was significantly lower than the loss amount established in the presentence report; therefore, after making the restitution finding, the court should have established a new offense level and Guideline range, and presumably, resentenced him. Additionally, he argues the presentence report misapplied the grouping rules under U.S.S.G. §§ 3D.1.1-.5 when calculating the imprisonment range under the Guidelines, and this too should have resulted in a lower Guidelines range. Finally, he claims that the docket sheet reflects that the presentence report was not filed until April 12, 2012, and therefore is invalid and should not have been considered at sentencing, nor should it be included in his central file or considered by the BOP in making decisions regarding his placement or classification.

As an initial matter, the proper district for a § 2241 habeas petition is the district in which the petitioner is confined at the time he files the petition. *al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004). Minor is confined at Oxford Federal Correctional Institution, which falls within the jurisdiction of the Western District of Wisconsin. However, the location of the district court in which a federal prisoner brings a habeas petition is not a question of subject matter jurisdiction, but rather "is best understood as a matter of venue, which means that both waiver and forfeiture are possible." *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004). Therefore, Minor's failure to file his petition in the Western District of Wisconsin is not necessarily fatal to his petition unless Respondent objects. Therefore, I will proceed to screen the merits of Minor's petition.

"Federal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Brown v. Caraway*, — F.3d —, 2013 WL 1920931, at *2 (7th Cir. May 10, 2013).

4

Generally, § 2241 is "reserved for attacking the execution, not imposition, of a sentence. . . ." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam); *see also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[C]hallenges brought by federal prisoners that implicate the fact or duration of confinement but do not stem from the original conviction or sentence can be brought only under 28 U.S.C. § 2241."). In limited circumstances, a federal prisoner challenging the validity of his original conviction or sentence may nevertheless file a § 2241 petition under the "savings clause" of § 2255(e) if he can show that his § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Where, as here, a defendant challenges his sentence rather than the underlying conviction, the Seventh Circuit has explained that three conditions must be met for the § 2255(e) savings clause exception to apply:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. "The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."

*Brown*, — F.3d —, 2013 WL 1920931, at *2 (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

Section 2255 provides an adequate remedy where it provides a prisoner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). Minor's claim that his sentence was miscalculated is not cognizable under § 2241. Minor's arguments go to the fundamental legality of his sentence, but he offers no reason why § 2255 prevented him from fully litigating his

5

claims of error, or why the remedy provided under § 2255 would not have been adequate to enable

Minor to challenge the basis for his sentence. *See Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir.

2002) (explaining § 2255 is not "inadequate or ineffective" unless a structural problem in the statute

"forecloses even one round of effective collateral review"). Likewise, he has not identified a

retroactive decision of the Supreme Court that he was unable to invoke in his first § 2255 motion

that would entitle him to relief. *See Brown*, — F.3d —, 2013 WL 1920931, at *2; *Unthank v. Jett*,

549 F.3d 534, 536 (7th Cir. 2008). Minor had a chance to–and did–raise the same issues when he

appealed his conviction and when he filed a subsequent § 2255 motion challenging the conviction.

In sum, he had an "unobstructed procedural shot at getting his sentence vacated" and therefore, the

§ 2255(e) savings clause does not apply here to the extent that Minor is challenging the validity of

his presentence report, the judgment of conviction and statement of reasons, or the sentence itself.

*Unthank*, 549 F.3d at 536.

In addition, Minor is not challenging the manner in which the BOP is executing his sentence.

He is not, for example, claiming that the BOP has miscalculated the amount of time remaining on

his sentence or that good time credits have been denied. Rather, it appears that his claim with

regard to the BOP is entirely predicated on his contention that the district court erred in several

respects in sentencing Minor, and therefore, his placement determinations within the BOP are being

adversely affected. But Minor cannot use § 2241 to directly or indirectly set aside his sentence,

which is exactly what he is attempting to do here. In his petition and attachments, he asks this court

to review the validity of his presentence report, judgment of conviction, and statement of reasons,

and asks that I remand his case to the Eastern District of Virginia for resentencing or release. He

essentially argues that the alleged sentencing errors affect his prison placement. But this is likely

6

true of every prisoner who claims that a court made an error in applying the Guidelines or in arriving at a sentence; just because the prisoner claims that the sentence should be shorter does not entitle him to use § 2241 to take another bite at the apple. The only way the BOP is wrongfully executing Minor's sentence is if the sentence itself is subject to error, and this question was already answered through Minor's direct appeal and § 2255 motion.

**THEREFORE, IT IS ORDERED** the petition for writ of habeas corpus is **DENIED** and the case is **DISMISSED**. A certificate of appealability is not required. *Walker,* 216 F.3d at 633.

Dated this _10th_ day of July, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court